```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BECKLEY DIVISION
```

**ROY EDWARD BELL, et al.,**

    **Plaintiffs,**

**v.**                                                **CIVIL ACTION NO. 5:03-00334**

**BOARD OF EDUCATION OF THE**
**COUNTY OF FAYETTE, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the court regarding a number of motions in limine filed by defendants. The court has reviewed these motions, the record, and relevant case law. Having done so, the court **DENIES WITHOUT PREJUDICE** defendants' motions in limine (Dockets No. 136, 178, 179, 180, and 181). Defendants can refile any of these motions at trial when the court will be better able to rule on them in the context the evidence is presented.

### I. Introduction

Plaintiffs' remaining claim in this case is that defendant Edgar W. Friedrichs, Jr. ("Friedrichs"), formerly a teacher and principal in the Fayette County Schools, was known by the Fayette County School Board (the "Board") and "supervising defendants" to be a pedophile and that they, "in spite of such knowledge, failed to take any precautions or actions to prevent [him] from inflicting harm upon young, male elementary children enrolled in

the Fayette County School system." (Compl. ¶ 10.) Plaintiffs claim that one consequence of this failure was that defendant Friedrichs administered drugs to Jeremy Edward Bell, plaintiffs' decedent and a student of Fayette County schools, in the course of sexually assaulting him, and caused his death in violation of 42 U.S.C. § 1983. (Id. ¶ 22.)

## II. Defendants' Motions

Defendants have filed a number of motions in limine seeking to exclude a variety of evidence. These include motions to exclude evidence:

(1) that Friedrichs purchased chloroform and that the invoice for this purchase was sent to the Board where it was seen by a clerical employee (Docket No. 177);

(2) that John M. "Jack" Thompson, Jr. acted as Friedrichs's legal counsel and as Director of Personnel for the Board at different times after November 8, 1997 (Docket No. 178);

(3) that any other employee of the Board besides Friedrichs allegedly abused any student other than Jeremy Edward Bell (Docket No. 179);

(4) that John Cavalier purportedly received complaints by two mothers against a Fayette County teacher and that he allegedly questioned one of these mothers (Docket No. 180);

(5) regarding Friedrichs's crimes, wrongs, or acts not committed against Jeremy Edward Bell, or regarding any crimes, wrongs, or acts committed against Jeremy Edward Bell of which these defendants did not have notice (Docket No. 181);

(6) regarding evidence of the fact of Jeremy Edward Bell's death and the circumstances surrounding His death (Docket No. 136).

### III. Analysis

Defendants' motions in limine all cite as their basis Rules 401, 402, and 403 of the Federal Rules of Evidence. The trial court has broad discretion in deciding motions in limine filed under these rules. See Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1330 (6th Cir. 1994). This said, because Federal Rules of Evidence 401, 402, and 403 favor the admission of most evidence, the court must be extraordinarily careful when it weighs motions in limine that seek to exclude evidence. See, e.g., United States v. Finestone, 816 F.2d 583, 585 (11th Cir. 1987) (holding that Rule 403 provides an extraordinary remedy that should be used only sparingly). The court must be able to articulate reasons as to why certain evidence is admitted, and why other evidence is excluded. See, e.g., McQueeney v. Wilmington Trust Co., 779 F.2d 916, 922 (3d Cir. 1985).

The court, at present, does not have the information before it necessary to grant any of defendants' motions in limine. Even though defendants provide valid reasons as to why each of their motions should be granted, plaintiffs provide equally credible reasons why they should be denied. Having reviewed each of defendants' motions in the context of the record as it now stands, the court must deny all of defendants' motions. The

court will, instead, allow defendants to renew their motions at time of trial so the court can resolve them in context.

### IV. Conclusion

Defendants' motions in limine (Dockets No. 136, 177, 178, 179, 180, and 181) are hereby **DENIED WITHOUT PREJUDICE.**

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED this 15th day of September, 2005.

Enter:

*David A. Faber*
David A. Faber
Chief Judge