```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**ROY EDWARD BELL,**
**Co-Administrator of the**
**Estate of JEREMY EDWARD BELL,**

    **Plaintiff,**

v.                                          CIVIL ACTION NO. 5:03-0334

**BOARD OF EDUCATION OF THE COUNTY**
**OF FAYETTE, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to remove defendant John Cavalier from this action on the grounds that he is deceased (Doc. No. 304). Rule 25(a)(1) of the Federal Rules of Civil Procedure only permits substitution of another party for a period of ninety days after the death of the deceased is suggested in the record. See Fed. R. Civ. P. 25(a)(1); Goodman v. Smith, 2004 WL 3222889, at *3 n.6 (W.D. Va. Mar. 26, 2004).

Counsel for defendant Cavalier notes their motion that defendant Cavalier's death was "suggested" in the record at three places in a pleading filed on June 21, 2005. (See Doc. No. 304 at 2) (discussing Doc. 248 at 1, 6, & 11). This pleading was served as provided pursuant to Rule 5 of the Federal Rules of Civil Procedure, and is included in the docket of this court. Given the "suggestion" and service, counsel for defendant

Cavalier indicates that it is proper to dismiss Cavalier from this action.

In response, plaintiff avers that no formal document entitled "Suggestion of Death," or captioned as such, has been filed by any party. (See Doc. No. 319 at 1.) Although plaintiff indicates an awareness that counsel for defendants have repeatedly filed various pleadings with references to "John Cavalier, deceased," plaintiff notes that the first pleading that contains an explicit statement of the death of defendant Cavalier, plaintiff notes, is the motion to dismiss defendant Cavalier filed January 2, 2006. (Id. at 2.) As such, plaintiff indicates that the 90-day period for substitution should begin on this date. (Id.)

Plaintiff notes that until the current motion to dismiss was filed, "no pleading containing an averment that John Cavalier had died, the date of his death, or the fact that an Estate has been opened in Fayette County, West Virginia [had been filed], despite the apparent knowledge of defendants' counsel that John Cavalier had died on June 10, 2005." (Id. at 2-3.) Plaintiff indicates that the boilerplate references defendants have used in pleadings to "suggest" the death of defendant Cavalier are not a "suggestion of death" as contemplated by Rule 25. (Id. at 3.)

Supporting this notion, plaintiff cites two cases out of the Western District of Pennsylvania, Blair v. Beech Aircraft

2

Corporation, 104 F.R.D. 21 (W.D. Pa. 1984), and <u>Tatterson v. Koppers Company, Inc.</u>, 104 F.R.D. 19 (W.D. Pa. 1984), where the court found that even though the 90-day window included in Rule 25 was not absolute.  In <u>Blair</u>, the court held in the alternative that either (a) a formal writing composing something more than a written statement of the fact of death need be filed, or (b) that absent any prejudice to the other party, discretionary extensions may be granted to parties who act in good faith but with excusable neglect.  <u>See</u> <u>id.</u> at 22.  In <u>Tatterson</u>, relying on the history of Rules 25(a) and Rule 6(b) of the Federal Rules of Civil Procedure, the court held that the court should consider factors including any prejudice to the other party, good faith, and excusable neglect in deciding whether to extend Rule 25(a)'s 90-day window.  <u>See</u> 104 F.R.D. at 20.

   The question becomes whether plaintiff's "suggestion" in boilerplate language in an unrelated pleading that John Cavalier had deceased was sufficient to trigger the 90-day window contemplated in Rule 25.  Following the first prong of <u>Blair</u>, this "suggestion" would not have been enough to trigger the window.  This said, <u>Blair</u> also counsels against plaintiff's position because, were the court to follow its second prong, it would have to find for defendants as plaintiff has made no effort whatsoever to show excusable neglect or their good faith.  Insofar as plaintiff attempts to explain why they did not respond

to defendants' "suggestion" that John Cavalier had died, they do so by noting that no pleading containing an averment that John Cavalier had died, the date of his death, or the fact that an Estate has been opened in Fayette County, West Virginia had been filed.  However, plaintiff points to no authority whatsoever as to why any of these are necessary for a "suggestion" to be valid, or why defendant Cavalier's submissions in his January 3, 2006, document were enough of a "suggestion" now, as no sworn statement listing all of these items accompanied it either.

In the end, the court is left with a choice between two positions, neither of which is wholly satisfactory.  The first, advocated by defendants, is supported by the language of Rule 25, and, to an extent, by cases like <u>Tatterson</u> in which parties are required to show excusable neglect and good faith prior to getting an extension to the 90-day window.  However, this approach is flawed because it can operate in an unjust manner, as here, where defendants wait until the eve of trial to file their motion.  The alternative approach, advocated by plaintiff, lacks any firm grounding in the text of the Rule 25, but, on the whole, appears as being more in accord with the spirit of the Federal Rules.  <u>See</u> Fed. R. Civ. P. 1 (stating that the Federal

4

Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").[*]

More than ninety days have passed since the death of defendant Cavalier was first noted, if not "suggested," in a pleading and plaintiff has not moved to substitute any other party. However, in the interests of economy and justice, and because the requirements provided in Rule 25(a)(1) have been complied with only in a very legalistic sense, the court is

---

[*] One approach to resolve the tensions surrounding Rule 25 is to state by fiat that the "suggestion of death" must accord with Form 30 in the Appendix of Forms to the Federal Rules. See Fed. R. Civ. P. 84, Form 30, providing that a pleading such as this is appropriate:

> A.B. [*describe as a party, or as executor, administrator, or other representative or successor of C.D., the deceased party*] suggests upon the record, pursuant to Rule 25(a)(1), the death of C.D. [*describe as party*] during the pendency of this action.

This approach has been adopted by a number of courts. See, e.g., Yonofsky v. Wernick, 362 F. Supp. 1005, 1011 (S.D.N.Y. 1973). Here, defendant Cavalier does not aver that he, or any other defendant, made any effort to indicate to plaintiff who the proper party to substitute was. See Rende v. Kay, 415 F.2d 983, 985-86 (D.C. Cir. 1969) (holding that, for a suggestion of death to be effective to trigger the 90-day window, it had to name representatives or successors who could be substituted in the legal action). However, this approach is not perfect either: here, where a party is not provided formal, explicit notice *not directly called for in the text of the relevant Rule*, under plaintiff's position, it is alright for them to do nothing even though they were given informal notice in every pleading filed over more than a six-month period.

compelled to deny defendant's motion to dismiss defendant Cavalier from this action.

Given that the motion to dismiss was filed only eight days before trial, and defendant Cavalier has participated in name in every pleading filed by defendants in this case, granting this motion would only serve to delay trial and unfairly prejudice plaintiff's ability to present his case. If plaintiff wins, defendant Cavalier can raise this issue in his appeal.

Defendant Cavalier's motion to dismiss (Doc. No. 304) is hereby **DENIED**. The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and to any unrepresented parties.

It is **SO ORDERED** this 10th day of January, 2006.

                        Enter:

                        *David A. Faber* (signature)

                        David A. Faber
                        United States District Judge